UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MONICA SANTIAGO,                                Civil Action No.:
                    Plaintiff,

        -against-                               COMPLAINT

CONVERGENT OUTSOURCING, INC.,                   DEMAND FOR JURY TRIAL

                    Defendant(s).
-----------------------------------------------------------------X

Plaintiff MONICA SANTIAGO ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant CONVERGENT OUTSOURCING, INC. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act.

### PARTIES

2.  Plaintiff MONICA SANTIAGO is a resident of the State of New York, residing at 2739 Webb Avenue, Apartment 41, Bronx, New York, 10468.

3.  Defendant, CONVERGENT OUTSOURCING, INC. is a corporation engaged in the business of debt collection with a main office located at 800 SE 39th Street, Renton, Washington 98057-9004.

4.  The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5.  Defendant is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending Plaintiff a mailing in or around November, 2013 regarding a debt.

11. On December 13, 2013, Plaintiff placed a telephone call to Defendant to dispute the debt and was connected to a representative of Defendant who identified herself as "Natalie Castillo." Ms. Castillo asked Plaintiff if she would prefer speaking in Spanish and when Plaintiff affirmed, proceeded to speak Spanish throughout the call. Ms. Castillo stated, "I do need to advise that this is an attempt to collect a debt and any information obtained will be used for that purpose," and then informed Plaintiff that she owed $18.51 to a communications service provider for pre-paid postage to return equipment. Plaintiff responded that she had confirmed with the creditor that she owed nothing and so wished

to dispute the charge.

12. Ms. Castillo informed Plaintiff that she could not dispute the charge with Defendant and that she had to dispute the charge with the creditor. When Plaintiff wished clarification, Ms. Castillo stated, "…we are just calling you to advise you of the debt. But if you want to discuss it with [creditor] with the balance then you would have to contact [creditor]. When Plaintiff protested that the letter she received was from Defendant, Ms. Castillo replied, "We are not charging you that, ma'am, our client (is), so if you want to discuss with our client then you would have to communicate with [creditor]" and continued, "Like I said our client you owe the balance to our client if you want to discuss it then you would have to discuss it with them. The only thing we do on our part is send the account to our client to, they review it. If the charge is valid they are going to put you in collections again for the charge." Plaintiff thereafter concluded the call.

13. On December 14, 2013, Plaintiff placed a second call to Defendant and when she requested a Spanish speaking representative, was connected to a "Gina Hernandez." Ms. Hernandez stated, "This is an attempt to charge a debt and any information obtained will be used with that purpose. This call is being recorded." Plaintiff asked Ms. Hernandez if her previous call stating that she disputed the debt was recorded.

14. Ms. Hernandez referred to her computer screen and replied, "Umm they put it as in… umm… like, not to call you. So like, calls would go out." Plaintiff asked again if there was a notation that she called to dispute. Ms. Hernandez replied, "Is that when they put it this way a message is only sent to [creditor] ..um… directly. So they can see the account what's happening…" Plaintiff asked Ms. Hernandez to clarify what she just said. Ms.

Hernandez stated, "No, no, no, is that the account is like in... umm... like in, like the supervisor will review it. That is that the supervisor will decide what to do with it. So if he sent to [creditor] to remove it. So how can I help you today, [Plaintiff's first name]?"

15. Plaintiff replied that Ms. Hernandez could help her by answering her question regarding her dispute the day before. Ms. Hernandez replied, "Okay, you want to pay this account today or you don't want to pay it?"

16. Plaintiff repeated her wish to know if her call disputing the amount was on record. Ms. Hernandez replied, "The supervisor is reviewing it, it's all I can tell you," whereupon the call concluded.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. 15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

19. Defendant is in violation of 15 USC §1692 e –preface by Defendant's representative "Natalie Castillo's" misinformation to Plaintiff during their telephone conversation of December 13, 2013, that Plaintiff's only recourse in disputing a debt was to contact the creditor and on December 14, 2013, when Defendant's employee, "Gina Hernandez's" made evasive and incomprehensible replies to Plaintiff's request for

information. Ms. Castillo's and Ms. Hernandez's statements that "This is an attempt to collect a debt and any information obtained will be used for that purpose," were contradicted when first Ms. Castillo, and then Ms. Hernandez, refused to accept or provide "information." On December 13, 2013, Ms. Castillo refused to acknowledge Plaintiff's dispute by erroneously stating that Defendant was not collecting a debt but only passing on information, i.e., "We are just calling you to advise you of the debt, but if you want to discuss it with [creditor] with the balance then you would have to contact [creditor]" and "We are not charging you that, ma'am, our client (is), so if you want to discuss with our client then you would have to communicate with [creditor]." Ms. Castillo further states, "The only thing we do on our part is send the account to our client to, they review it. If the charge is valid they are going to put you in collections again for the charge," referring repeatedly to "we are just" and "the only thing we do" to imply falsely that Defendant has no responsibility for any of Plaintiff's concerns as a consumer. Furthermore, on December 14th, Defendant's representative, "Gina Hernandez," in her telephone conversation with Plaintiff, made repeated efforts to mislead Plaintiff regarding her account when, in response to Plaintiff's clear and specific question about whether her dispute call was on record, Ms. Hernandez replied in an uncertain, vague and incomprehensible manner, i.e., "Umm they put it as in… umm… like, not to call you, "So like, calls would go out," "Is that when they put it this way a message is only sent to [creditor] ..um… directly. So they can see the account what's happening…," "…is that the account is like in… umm… like in, like the supervisor will review it. That is that the supervisor will decide what to do with it. So if he sent to [creditor] to remove it" ending with, "So how can I help you today," compounding her evasive replies to

Plaintiff's question by deceptively pretending that she never heard Plaintiff's concern to begin with. Even when Plaintiff repeated her request for the fifth time, Ms. Hernandez managed to elude giving a truthful reply by saying, "Okay, you want to pay this account today or you don't want to pay it?"

20. Pursuant to the terms of 15 USC §1692 f-preface, the debt collector is prohibited from using any unfair or unconscionable means to collect a debt.

21. Defendant violated 15 USC §1692 f–preface by unfairly and unconscionably receiving, but disregarding and refusing to acknowledge, Plaintiff's dispute. Further, Defendant unfairly subjected Plaintiff to misinformation from "Natalie Castillo" regarding the necessity to contact the creditor in order to dispute a debt which Defendant was clearly collecting, and subjected Plaintiff to confusion and undue difficulty as Plaintiff vainly attempted to obtain proper information from "Gina Hernandez," who responded to a single lucid question with a series of incomprehensible phrases, ending with the question, "So how can I help you today?" as though nothing Plaintiff had said for the past five minutes had ever registered. According to Defendant's website, a position for a "Bi-lingual English/Spanish Collection Representative" requires "Collectors are responsible for calling 200-400 people a day," possibly explaining how Defendant's apparent expectations of its agents result in the unconscionably poor communication and misinformation Plaintiff endured in her attempts to obtain her rights as a consumer.

22. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

23. Plaintiff hereby respectfully requests a trial by jury for all claims and issues

in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

- A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);
- B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);
- C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);
- D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);
- E. A declaration that the Defendant's practices violated the FDCPA;
- F. For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         August 15, 2014

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582
*Attorney for the Plaintiff* MONICA SANTIAGO

To:   Convergent Outsourcing, Inc.
      800 SW 39th Street
      Renton, WA 98057-9004

      *(Via Prescribed Service)*

      Clerk,

United States District Court, Southern District of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

MONICA SANTIAGO,

                Plaintiff,

-against-

CONVERGENT OUTSOURCING, INC.,

                Defendant(s).

---

**COMPLAINT**

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone: (212) 796-0930*
*Facsimile: (212) 330-7582*

---